Victor de Gyarfas (SBN 171,950)
email:  vdegyarfas@foley.com
Sandeep Deol (SBN 285,545)
email: sdeol@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone:  213-972-4500
Facsimile:   213-486-0065

Attorneys for Plaintiff
ROLAND CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND CORPORATION, a Japanese corporation | CASE No: |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| INMUSICBRANDS, INC., a Florida Corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Roland Corporation ("Plaintiff" or "Roland") hereby complains of Defendant inMusicBrands, Inc., a Florida Corporation ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. §§ 271 and 281 and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States.

2.     This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district, including selling and offering for sale infringing products in this judicial district, and by committing acts of infringement in this judicial district, including but not limited to selling infringing electronic percussion instrument products directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Roland's claims.

3.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## THE PARTIES

4.     Plaintiff Roland is a Japanese corporation with its principal place of business in Hamamatsu, Japan.  Roland further maintains offices in the United States at 5100 S. Eastern Ave., Los Angeles, California 90040.

5.     Plaintiff is informed and believes, and thereon alleges, that Defendant, inMusicBrands, Inc., is a Florida Corporation, with an address of 200 Scenic View Drive, Cumberland, Rhode Island 02864, and is the last registered owner of the U.S. trademark "Alesis," under which mark the accused infringing products are marketed.

6.     Roland is informed and believes, and thereon alleges, that Defendant has committed the acts alleged herein within this judicial district.

1

4831-5988-9973.4

## **GENERAL ALLEGATIONS**

7.     Roland is one of the world's leading musical instrument and equipment manufacturers and designers.  The company and its products, particularly in the realm of electronic instruments, are instantly and universally recognized for their innovative technology and distinctive style.  Since its founding, Roland's engineers and designers have worked continuously to bring new technology and breakthrough designs to the market.

8.     Roland has been actively engaged in the manufacture and sale of high quality electronic instruments since at least 1972.  Roland is the manufacturer and retailer of several lines of electronic instruments that have enjoyed substantial success and are protected by various intellectual property owned by Roland.

9.     On June 10, 2008, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Patent No. 7,385,135 (the "'135 Patent"), titled "ELECTRONIC PERCUSSION INSTRUMENTAL SYSTEM AND PERCUSSION DETECTING APPARATUS THEREIN."  Roland is the owner by assignment of all right, title, and interest in the '135 Patent, which is valid and enforceable.  A true and correct copy of the '135 Patent is attached hereto as Exhibit A.

10.     On July 26, 2005, the USPTO duly and lawfully issued United States Patent No. 6,921,857 (the "'857 Patent"), titled "ELECTRONIC PERCUSSION INSTRUMENTAL SYSTEM AND PERCUSSION DETECTING APPARATUS THEREIN."  Roland is the owner by assignment of all right, title, and interest in the '857 Patent, which is valid and enforceable.  A true and correct copy of the '857 Patent is attached hereto as Exhibit B.

11.     On June 29, 2004, the USPTO duly and lawfully issued United States Patent No. 6,756,535 (the "'535 Patent"), titled "ELECTRONIC PERCUSSION INSTRUMENTAL SYSTEM AND PERCUSSION DETECTING APPARATUS THEREIN."  Roland is the owner by assignment of all right, title, and interest in the '535 Patent, which is valid and enforceable.  A true and correct copy of the '535 Patent is

4831-5988-9973.4

attached hereto as Exhibit C.

12.	On August 7, 2001, the USPTO duly and lawfully issued United States Patent No. 6,271,458 (the "'458 Patent"), titled "ELECTRONIC PERCUSSION INSTRUMENTAL SYSTEM AND PERCUSSION DETECTING APPARATUS THEREIN."  Roland is the owner by assignment of all right, title, and interest in the '458 Patent, which is valid and enforceable.  A true and correct copy of the '458 Patent is attached hereto as Exhibit D.

13.	On September 19, 2000, the USPTO duly and lawfully issued United States Patent No. 6,121,538 (the "'538 Patent"), titled "ELECTRONIC PERCUSSION INSTRUMENTAL SYSTEM AND PERCUSSION DETECTING APPARATUS THEREIN."  Roland is the owner by assignment of all right, title, and interest in the '538 Patent, which is valid and enforceable.  A true and correct copy of the '538 Patent is attached hereto as Exhibit E.

14.	On April 19, 2005 the USPTO duly and lawfully issued United States Patent No. 6,881,885 (the "'885 Patent"), titled "ELECTRONIC PAD WITH VIBRATION ISOLATION FEATURES."  Roland is the owner by assignment of all right, title, and interest in the '885 Patent, which is valid and enforceable.  A true and correct copy of the '885 Patent is attached hereto as Exhibit F.

15.	On October 14, 2003 the USPTO duly and lawfully issued United States Patent No. 6,632,989 (the "'989 Patent"), titled "ELECTRONIC PAD WITH VIBRATION ISOLATION FEATURES."  Roland is the owner by assignment of all right, title, and interest in the '989 Patent, which is valid and enforceable.  A true and correct copy of the '989 Patent is attached hereto as Exhibit G.

16.	On December 2, 2008, the USPTO duly and lawfully issued United States Patent No. 7,459,626 (the "'626 Patent"), titled "APPARATUS AND METHOD FOR DETECTING DISPLACEMENT OF A MOVABLE MEMBER OF AN ELECTRONIC INSTRUMENT."  Roland is the owner by assignment of all right, title, and interest in the '626 Patent, which is valid and enforceable.  A true and correct copy of the '626 Patent is

attached hereto as Exhibit H.

17.    Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States electronic percussion instruments that infringe Roland's intellectual property rights, including the '135 Patent, '857 Patent, '535 Patent, '458 Patent, '538 Patent, '885 Patent, '989 Patent, and the '626 Patent (the "Asserted Patents").

18.    On March 11, 2011, Roland sent a letter notifying Defendant of its potentially infringing activity with respect to the '885 Patent and the '989 Patent.

19.    On February 3, 2015, Roland sent a cease and desist letter to counsel for Defendant demanding that Defendant immediately cease and desist from further infringing activity with respect to the '135 Patent, '857 Patent, '535 Patent, '458 Patent, '538 Patent, '989 Patent, and '885 Patent.

20.    Defendant's acts complained of herein have caused Roland to suffer irreparable injury to its business.  Roland will suffer substantial loss unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## FIRST CAUSE OF ACTION
## PATENT INFRINGEMENT, 35 U.S.C. § 271

21.    Roland repeats and re-alleges the allegations of paragraphs 1-20 of this Complaint as if set forth fully herein.

22.    This is a claim for patent infringement under 35 U.S.C. § 271.

### The '135 Patent

23.    Claim 1 of the '135 Patent recites an electronic percussion instrumental system comprising a housing, a head composed of a flexible material having openings therethrough and supported by the housing to define a percussion surface, and a percussion detector having a cushioning material and a transducer for detecting a percussion impact on the percussion surface and producing an electric signal responsive to the percussion impact.

24.    Defendant, through its agents, employees, and servants has, and continues

4

to, knowingly, intentionally, and willfully infringe the '135 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 1 of the '135 Patent, including for example, Defendant's *Strike Pro Kit*, *Strike Kit*, *Crimson Mesh Kit*, *Command Kit*, *DM10 X Mesh Kit*, *12" Mesh Head Pad*, *10" Mesh Head Pad*, *8" Mesh Head Pad*, *8" Mesh Head Bass Drum Pad*, and *DM10 Studio Mesh Kit* (shown below) (collectively "'135 infringing products"), which were sold and/or offered for sale on the website www.alesis.com by Defendant.   Specifically, the '135 infringing products all have a housing, a head made of a flexible material with openings which is supported by the housing, and a percussion detector with a cushioning material and a transducer that produces an electronic signal in response to percussion impact.

25.   Defendant has been and is currently infringing the '135 Patent by making, using, selling, offering for sale, and/or importing into the United States, electronic percussion instrument products.

26.   Defendant's acts of infringement of the '135 Patent were undertaken without permission or license from Roland.  Defendant had actual knowledge of Roland's rights in the inventive concept claimed in the '135 Patent since at least February 3, 2015, on which a letter identifying the '135 Patent was sent to Defendant.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '135 Patent. Defendant infringed the '135 Patent with reckless disregard of Roland's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the '135 Patent.

27.   Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '135 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 1 of the '135 Patent, including, for example, Defendant's *DM10 Studio Mesh Kit* as shown below, which was sold and/or offered for sale on the website www.alesis.com by Defendant.

5



The '857 Patent

28.    Claim 1 of the '857 Patent recites an electronic percussion instrumental system comprising a barrel section having a generally hollow interior and a first end open to the generally hollow interior, a head disposed in a tensioned state across the first end of the barrel section to define a percussion surface for receiving a percussion impact and a second surface facing opposite the percussion surface, the head having a head material through which air may pass, a cushioning member in communication with the second surface of the head, while allowing air to pass through the head, and a transducer disposed in communication with the cushioning member, to receive percussion impact signals through the cushioning member in response to a percussion impact on the percussion surface of the head.

29.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '857 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 1 of the '857 Patent, including for

4831-5988-9973.4

example, Defendant's *Strike Pro Kit*, *Strike Kit*, *Crimson Mesh Kit*, *Command Kit*, *DM10 X Mesh Kit*, *12" Mesh Head Pad*, *10" Mesh Head Pad*, *8" Mesh Head Pad*, *8" Mesh Head Bass Drum Pad*, and *DM10 Studio Mesh Kit* (shown below) (collectively "'857 infringing products"), which were sold and/or offered for sale on the website www.alesis.com by Defendant.  Specifically, the '857 infringing products all have a barrel section with a generally hollow interior.  They also have a head tensioned across the barrel section which forms a percussion surface and the head allows air to pass through it.  They also have a transducer which communicates with a cushion that touches the surface of the head and the transducer receives percussion impact signals through the cushion when there is a percussion impact on the surface of the head.

30.  Defendant has been and is currently infringing the '857 Patent by making, using, selling, offering for sale, and/or importing into the United States, electronic percussion instrument products.

31.  Defendant's acts of infringement of the '857 Patent were undertaken without permission or license from Roland.  Upon information and belief, Defendant had actual knowledge of Roland's rights in the inventive concept claimed in the '857 Patent since at least February 3, 2015, on which a letter identifying the '857 Patent was sent to Defendant.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '857 Patent.  Defendant infringed the '857 Patent with reckless disregard of Roland's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the '857 Patent.

32.  Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '857 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 1 of the '857 Patent, including, for example, Defendant's *DM10 Studio Mesh Kit* as shown below, which was sold and/or offered for sale on the website www.alesis.com by Defendant.

7



The '535 Patent

33.    Claim 1 of the '535 Patent recites an electronic percussion instrumental system comprising an electronic percussion instrumental system comprising a barrel section having a first end, a head disposed in a tensioned state across the first end of the barrel section to define a percussion surface for receiving a percussion impact and a second surface facing opposite the percussion surface, the head having a plurality of openings through which air may pass, and a cushioning member and a transducer supported within the barrel section, with the cushioning member in contact with a portion of, but less than the entire surface area of the second surface of the head, wherein a portion of the second surface of the head is out of contact with the cushioning member to allow air to pass through the openings in the head.

34.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '535 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 1 of the '535 Patent, including for

8

example, Defendant's *Strike Pro Kit*, *Strike Kit*, *Crimson Mesh Kit*, *Command Kit*, *DM10 X Mesh Kit*, *12" Mesh Head Pad*, *10" Mesh Head Pad*, *8" Mesh Head Pad*, *8" Mesh Head Bass Drum Pad*, and *DM10 Studio Mesh Kit* (shown below) (collectively "'535 infringing products), which were sold and/or offered for sale on the website www.alesis.com by Defendant.  Specifically, the '535 infringing products all have a barrel section with a head tensioned across the barrel section which forms a percussion surface.  They also have a transducer which communicates with a cushion that touches some portion of, but not all of, the surface of the head.   Some of the portion of the head not touched by the cushion allows air to pass through openings in the head.

35.    Defendant has been and is currently infringing the '535 Patent by making, using, selling, offering for sale, and/or importing into the United States, electronic percussion instrument products.

36.    Defendant's acts of infringement of the '535 Patent were undertaken without permission or license from Roland.  Upon information and belief, Defendant had actual knowledge of Roland's rights in the inventive concept claimed in the '535 Patent since at least February 3, 2015, on which a letter identifying the '535 Patent was sent to Defendant.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '535 Patent.  Defendant infringed the '535 Patent with reckless disregard of Roland's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the '535 Patent.

37.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '535 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 1 of the '535 Patent, including, for example, Defendant's *DM10 Studio Mesh Kit* as shown below, which was sold and/or offered for sale on the website www.alesis.com by Defendant.

9

4831-5988-9973.4



<u>The '458 Patent</u>

38.    Claim 6 of the '458 Patent recites an electronic percussion instrument comprising a generally hollow body having an opening into a body interior, a generally flexible, net-like material disposed in a tensioned state across the opening of the generally hollow body, the net-like material defining a percussion surface for receiving a percussion impact, the net-like material also having openings of a size sufficient to allow air to pass therethrough, upon receiving a percussion impact on the percussion surface, and a sensor supported by said generally hollow body, for providing an electronic signal in response to a percussion impact on the percussion surface of the generally flexible, net-like material.

39.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '458 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 6 of the '458 Patent, including for example, Defendant's *Strike Pro Kit*, *Strike Kit*, *Crimson Mesh Kit*, *Command Kit*, *DM10 X Mesh Kit*, *12" Mesh Head Pad*, *10" Mesh Head Pad*, *8" Mesh Head Pad*, *8"*

10

*Mesh Head Bass Drum Pad*, and *DM10 Studio Mesh Kit* (shown below) (collectively "'458 infringing products"), which were sold and/or offered for sale on the website www.alesis.com by Defendant.  Specifically, the '458 infringing products all have a generally hollow body with a flexible, net-like material tensioned across the opening of the body.  The net-like material defines a percussion surface and has openings to allow air to pass through.  When a percussion impact is received in the percussion surface, a sensor supported by the body, provides an electronic signal in response to the percussion impact.

40.     Defendant has been and is currently infringing the '458 Patent by making, using, selling, offering for sale, and/or importing into the United States, electronic percussion instrument products.

41.     Defendant's acts of infringement of the '458 Patent were undertaken without permission or license from Roland.  Upon information and belief, Defendant had actual knowledge of Roland's rights in the inventive concept claimed in the '458 Patent since at least February 3, 2015, on which a letter identifying the '458 Patent was sent to Defendant.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '458 Patent.  Defendant infringed the '458 Patent with reckless disregard of Roland's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the '458 Patent.

42.     Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '458 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 6 of the '458 Patent, including, for example, Defendant's *DM10 Studio Mesh Kit* as shown below, which was sold and/or offered for sale on the website www.alesis.com by Defendant.

4831-5988-9973.4



The '538 Patent

43.    Claim 1 of the '538 Patent recites an electronic percussion instrument system comprising a drum head, a barrel section equipped with a plurality of engaging pins which provide a tension on said drum head, a supporting material disposed within the barrel section, adjacent, but spaced, from said head, a cushioning member composed of an elastic material disposed in contact with said head, and a transducer for transducing percussion upon said head to electric signal, the transducer being supported by the supporting material within the barrel section, with the transducer located between the head and the supporting material, and the cushioning member located between the head and the transducer.

44.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '538 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 1 of the '538 Patent, including for example, Defendant's *Strike Pro Kit*, *Strike Kit*, *Crimson Mesh Kit*, *Command Kit*, *DM10 X Mesh Kit*, *12" Mesh Head Pad*, *10" Mesh Head Pad*, *8" Mesh Head Pad*, *8"*

4831-5988-9973.4

*Mesh Head Bass Drum Pad*, and *DM10 Studio Mesh Kit* (shown below) (collectively the "'538 infringing products"), which were sold and/or offered for sale on the website www.alesis.com by Defendant.  Specifically, the '538 infringing products all have a drum head, and a barrel section with engaging pins that tension the drum head.  They also have a supporting material in the barrel section, adjacent but spaced from the head, and a cushioning member made of elastic material that touches the head.  They also have a transducer that transduces percussions on the head, supported by the supporting material. The transducer is located between the head and the supporting material, while the cushioning member is located between the head and the transducer.

45.    Defendant has been and is currently infringing the '538 Patent by making, using, selling, offering for sale, and/or importing into the United States, electronic percussion instrument products.

46.    Defendant's acts of infringement of the '538 Patent were undertaken without permission or license from Roland.  Upon information and belief, Defendant had actual knowledge of Roland's rights in the inventive concept claimed in the '538 Patent since at least February 3, 2015, on which a letter identifying the '538 Patent was sent to Defendant.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '538 Patent.  Defendant infringed the '538 Patent with reckless disregard of Roland's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the '538 Patent.

47.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '538 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 1 of the '538 Patent, including, for example, Defendant's *DM10 Studio Mesh Kit* as shown below, which was sold and/or offered for sale on the website www.alesis.com by Defendant.

4831-5988-9973.4



The '885 Patent

48.     Claim 30 of the '885 Patent recites an electronic pad for mounting on a stand, receiving a strike, detecting the strike and outputting a signal representative of the strike, the electronic pad comprising a frame having an upper surface with an outer peripheral edge, a cover over the upper surface of the frame and defining a striking surface for receiving a strike, a striking sensor supported on the frame for providing an electronic signal corresponding to a strike on the striking surface, a support structure to pivotally support the frame on a stand for pivotal motion of the frame relative to the stand, and a rotation stopper operatively coupled to the frame, for inhibiting rotation of the frame relative to the stand, when the frame is mounted on the stand for pivotal motion.

49.     Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '885 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 30 of the '885 Patent, including for example, Defendant's *Crimson Mesh Kit*, *Command Kit*, *Forge Kit*, *Nitro Kit*, *DM10 X*

14

*Mesh Kit*, *DM10 X Kit*, *DM10 Studio Kit*, *DM8 Pro Kit*, *DM8 USB Kit*, *DM 7X Kit*, *DM7X Session Kit*, *DM6 USB Kit*, Pro X Hi-Hat, *DMPad 12" Hi-Hat*, *DMPad 16" 3-Zone Ride*, *DMPad 14" 3-Zone Ride*, *DMPad 12" Cymbal*, and *DM10 Studio Mesh Kit* (shown below) (collectively the "'885 infringing products"), which were sold and/or offered for sale on the website www.alesis.com by Defendant. Specifically, the '885 infringing products all have an electronic pad for mounting on a stand, receiving a strike, detecting the strike and outputting a signal representative of the strike. The electronic pad has an upper surface with an outer peripheral edge, a cover over the upper surface of the frame and defines a striking surface for receiving a strike. They also have a striking sensor supported on the frame for providing an electronic signal corresponding to a strike on the striking surface, a support structure to pivotally support the frame on a stand for pivotal motion of the frame relative to the stand, and a rotation stopper operatively coupled to the frame, for inhibiting rotation of the frame relative to the stand, when the frame is mounted on the stand for pivotal motion.

50.     Defendant has been and is currently infringing the '885 Patent by making, using, selling, offering for sale, and/or importing into the United States, electronic percussion instrument products.

51.     Defendant's acts of infringement of the '885 Patent were undertaken without permission or license from Roland. Upon information and belief, Defendant had actual knowledge of Roland's rights in the inventive concept claimed in the '885 Patent since at least March 11, 2011, on which a letter identifying the '885 Patent was sent to Defendant. Accordingly, Defendant's actions constitute willful and intentional infringement of the '885 Patent. Defendant infringed the '885 Patent with reckless disregard of Roland's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the '885 Patent.

52.     Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '885 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products

15

having features that are recited by at least claim 30 of the '885 Patent, including, for example, Defendant's *DM10 Studio Mesh Kit* as shown below, which was sold and/or offered for sale on the website www.alesis.com by Defendant.





The '989 Patent

53.    Claim 1 of the '989 Patent recites an electronic pad receiving a strike, detecting the strike and outputting a signal representative of the strike comprising a first frame, a striking sensor detecting the strike transmitted to said first frame, a second frame supporting said first frame from below, having an attachment hole with a pivotal joint, and a rotation stopper member coupled to the second frame for preventing said first frame from circumferentially rotating about a pole of a stand, said pole being inserted into said attachment hole, said attachment hole located in said rotation stopper member, said pivotal joint being rockably fitted into said rotation stopper member with resulting play.

54.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '989 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 1 of the '989 Patent, including for

4831-5988-9973.4

example, Defendant's *Crimson Mesh Kit*, *Command Kit*, *Forge Kit*, *Nitro Kit*, *DM10 X Mesh Kit*, *DM10 X Kit*, *DM10 Studio Kit*, *DM8 Pro Kit*, *DM8 USB Kit*, *DM 7X Kit*, *DM7X Session Kit*, *DM6 USB Kit*, Pro X Hi-Hat, *DMPad 12" Hi-Hat*, *DMPad 16" 3-Zone Ride*, *DMPad 14" 3-Zone Ride*, *DMPad 12" Cymbal*, and *DM10 Studio Mesh Kit* (shown below) (collectively, the "'989 infringing products"), which were sold and/or offered for sale on the website www.alesis.com by Defendant.  Specifically, the '989 infringing products all have an electronic pad for receiving a strike, detecting the strike and outputting a signal representative of the strike.  The electronic pad has a first frame, a striking sensor for detecting the strike transmitted to said first frame, and a second frame that supports the first frame from below.  They also have an attachment hole with a pivotal joint, and a rotation stopper member coupled to the second frame for preventing the first frame from circumferentially rotating about a pole of a stand.  The pole is inserted into the attachment hole, and the attachment hole is located in the rotation stopper member, with the pivotal joint being rockably fitted into the rotation stopper member with resulting play.

55.   Defendant has been and is currently infringing the '989 Patent by making, using, selling, offering for sale, and/or importing into the United States, electronic percussion instrument products.

56.   Defendant's acts of infringement of the '989 Patent were undertaken without permission or license from Roland.  Upon information and belief, Defendant had actual knowledge of Roland's rights in the inventive concept claimed in the '989 Patent since at least March 11, 2011, on which a letter identifying the '989 Patent was sent to Defendant.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '989 Patent.  Defendant infringed the '989 Patent with reckless disregard of Roland's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the '989 Patent.

57.   Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '989 Patent by making, using,

18

4831-5988-9973.4

selling, offering for sale, and/or importing electronic percussion instrument products having features that are recited by at least claim 1 of the '989 Patent, including, for example, Defendant's *DM10 Studio Mesh Kit* as shown below, which was sold and/or offered for sale on the website www.alesis.com by Defendant.



The '626 Patent

58.    Claim 3 of the '626 Patent recites a sensor device for detecting displacement of a movable object, with a member providing a detectable electrical characteristic that has a value; and

a spring that, upon displacement of the movable object, is compressed and acts with the member providing the detectable electrical characteristic; wherein action between the spring and the member providing the detectable electrical characteristic causes the value of the electrical characteristic to change.

59.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the '626 Patent by making, using, selling, offering for sale, and/or importing electronic percussion instrument products

having features that are recited by at least claim 3 of the '626 Patent, including for example, Defendant's *Pro X Hi-Hat Cymbal* (shown below) (the "'626 infringing products"), which were sold and/or offered for sale on the website www.alesis.com by Defendant.  Specifically, the '626 infringing products have a moveable object and a sensor device for detecting displacement of the moveable object.  The sensor device includes a spring and a member that provides a detectable electrical characteristic.  When the movable object is displaced, the spring compresses and acts with the member, providing a detectable electrical characteristic that has a value that changes with the action between the spring and the member.

60.     Defendant has been and is currently infringing the '626 Patent by making, using, selling, offering for sale, and/or importing into the United States, electronic percussion instrument products.

61.     Defendant's acts of infringement of the '626 Patent were undertaken without permission or license from Roland. Defendant's actions constitute willful and intentional infringement of the '626 Patent.  Defendant infringed the '626 Patent with reckless disregard of Roland's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the '626 Patent.



20

4831-5988-9973.4

62.     Roland has, at all times, complied with 35 U.S.C. § 287(a) for all of the Asserted Patents.

63.     As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Roland.

64.     Pursuant to 35 U.S.C. § 284, Roland is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

65.     Pursuant to 35 U.S.C. § 285, Roland is entitled to reasonable attorney's fees for the necessity of bringing these claims.

66.     Due to the aforesaid infringing acts, Roland has suffered great and irreparable injury, for which Roland has no adequate remedy at law.

67.     Defendant will continue to infringe Roland's patent rights to the great and irreparable injury of Roland, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Roland prays for judgment in its favor against Defendant for the following relief:

A.     An Order adjudging Defendant to have willfully infringed the Asserted Patents under 35 U.S.C. § 271;

B.     Preliminary and permanent injunctions enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from infringing the Asserted Patents in violation of 35 U.S.C. § 271;

C.     That Defendant be ordered to recall all infringing products from all distribution channels, including all retailers;

D.     That Roland recover compensatory damages for Defendant's infringement in an amount to be proven at trial, and in no event less than a reasonable royalty, together with prejudgment interest at the maximum legal rate;

E.     An Order adjudging that this is an exceptional case;

F.      An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

G.      An award to Roland of the attorney fees, expenses, and costs incurred by Roland in connection with this action pursuant to 35 U.S.C. § 285;

H.      An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

I.      Such other and further relief as this Court may deem just and proper.

Dated:  August 19, 2016

By:  /s/ Victor de Gyarfas
Victor de Gyarfas
Attorneys for Plaintiff
ROLAND CORPORATION

22

## __DEMAND FOR JURY TRIAL__

Roland demands a trial by jury of all issues triable by a jury.


Dated:  August 19, 2016                    By: /s/ Victor de Gyarfas
                                                Victor de Gyarfas
                                                FOLEY & LARDNER LLP
                                                Attorneys for Plaintiff
                                                ROLAND CORPORATION

23