UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 17-CV-22405-MORENO/LOUIS

ROLAND CORPORATION,

    Plaintiff,

v.

INMUSIC BRANDS, INC.

    Defendant.
_____/

## ORDER ON PROTECTIVE ORDER

**THIS CAUSE** comes before the Court on Defendant inMusic Brands, Inc.'s Motion for Protective Order Regarding Plaintiff Roland Corporation's Third Set of Requests for Admission (ECF No. 219). All pretrial matters have been referred to the undersigned United States Magistrate Judge by the Honorable Federico A. Moreno, United States District Judge. The undersigned has carefully reviewed the Motion, Plaintiff's Response in Opposition (ECF No. 233), the pertinent portions of the record, and is otherwise fully advised in the premises.

### I.    BACKGROUND FACTS

Plaintiff Roland Corporation brings this action against Defendant iMusic Brands, Inc. for infringement of eight patents issued by the United States Patent and Trademark Office ("PTO") (ECF No. 154). Over 100 claims across the eight patents are asserted, and 17 claim terms have been submitted by the Parties for claim construction pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). Following briefing on claim construction and a *Markman* hearing, the undersigned issued a Report and Recommendation, to which the Parties both filed objections and responses to the other's objections. The Report and objections are unresolved, pending the Court's order on claim construction. Accordingly, the Parties currently—and greatly—dispute the meaning and scope of Plaintiff's patents and asserted claims.

1

Throughout the course of discovery, Plaintiff issued three sets of requests for admission to Defendant. On April 26, 2019, Defendant filed a Motion for a Protective Order (ECF No. 219) Regarding Plaintiff's Third Set of Requests for Admission (the "third set"). The third set comprises 511 requests (ECF No. 219-2). Most of Plaintiff's third set (489 requests)[1] seeks admissions that Defendant's products infringe on Plaintiff's alleged patent claims, and accordingly depend on the meaning of the claim terms that remain in dispute (ECF No. 219-2).

## II. DISCUSSION

### a. Legal Standard

Discovery permits a broad inquiry of facts—parties may obtain discovery regarding any nonprivileged matter that is relevant and proportional to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). However, a court "for good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding the disclosure or discovery" of certain matters. *Pinson v. JPMorgan Chase Bank*, No. 13-80720-CIV, 2014 WL 12621617 at *2 (S.D. Fla. Nov. 26, 2014) (citations omitted). The party moving for such an order has the burden of persuading the court of its necessity with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekoktu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011); *see Queen v. State Farm Mut. Ins. Co.*, No. 19-21931-Civ, 2019 WL 3716806 at *3 (S.D. Fla. Aug. 7, 2019) (noting it is well-established that general allegations of harm, without the support of specific facts, do not sufficiently persuade the court of the necessity of a protective order). Moreover, the court's determination regarding a protective order must include a "balancing of interests" approach, weighing the interests of the party moving for the order against the interests of the party seeking to obtain discovery. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545,

---

[1] Defendant represents that it has answered the remainder of requests from this set, which sought document authentication.

1547 (11th Cir. 1985).

### b. Defendant has not met its burden in persuading the Court of the necessity of a protective order against Plaintiff's requests for admission

Defendant argues that Plaintiff's third set is excessive, overly burdensome, and disproportional to the needs of this case (ECF No. 219 at 4). In support of its proportionality argument, Defendant relies exclusively on the volume of requests propounded by Plaintiff.

The volume of requests for admission is not, in a vacuum, sufficient grounds for a protective order. *See Gen. Elec. Co. v. Prince*, No. 06 Civ. 0050 SAS MHD, 2007 WL 86940 at *2 (S.D.N.Y. Jan. 10, 2007) (noting that 573 requests for admission are "not in itself a basis for a protective order"); *see also McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-cv-2498-B, 322 F.R.D. 235, 254 (N.D. Tex. Jan. 8, 2016) (explaining there is no particular number of requests for admission that can be deemed excessive for every case). Rather, the volume of requests must be burdensome in light of the case's particular needs and circumstances to warrant a protective order.[2]

A dispute's overall complexity is a central consideration when determining the propriety of a protective order. *Compare JCW Software, LLC v. Embroidme.com, Inc.*, No. 10-80472-CIV, 2011 WL 2149062 at *2 (S.D. Fla. May 31, 2011) (acknowledging the dispute's lack of complexity in granting a protective order against 3,807 requests for admission), *with U.S. ex rel. Minge v. TECT Aerospace, Inc.*, No. 07-1212-MLB, 2012 WL 1631678 at *5 (D. Kan. May 8, 2012) (finding 2,826 requests for admissions were not excessive where the parties were "painfully aware that th[e] case is very complicated and fact intensive"), *and Sequa Corp. v. Gelmin*, No. 91 Civ. 8675 (CSH), 1993 WL 350029 at *1 (S.D.N.Y. Sept. 7, 1993) (noting that 1,441 requests were a

---

[2] A court's decision to limit discovery includes an evaluation of "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

3

"function of the fact that the issue in th[e] case encompass[ed] a large number of discrete financial transactions").

Here, the Court views the case to be fairly complex as Plaintiff has filed multiple patent infringement claims against Defendant, which requires the evaluation of several of Defendant's products and over 100 asserted claims belonging to 8 different patents. In light of the complexity of the present dispute, the Court finds that the number of Plaintiff's requests for admission are not *per se* excessive, overly burdensome, or disproportional. Moreover, the Court views that the benefits enjoyed by all in reducing the number of issues disputed at trial outweigh the harms suffered by Defendant in answering Plaintiff's requests.[3] Finally, Defendant has failed to describe any objection to Plaintiff's requests beyond the number of requests being propounded. Consequently, Defendant has failed to meet its burden in demonstrating Plaintiff's third set is overly burdensome.

### c. Plaintiff's requests for admission are premature and cannot be answered until the Court issues a claim construction ruling

Defendant argues Plaintiff's requests for admission are premature because they require a claim construction ruling by the Court. The undersigned agrees and will not compel response thereto before the Court enters an order on claim construction.

Requests for admissions allow a party to serve "a written request for the admission . . . of the truth of any matters within the [general scope of discovery] set forth in the request that relate to *statements or opinions of fact or of the application of law to fact*." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263–64 (11th Cir. 2002) (emphasis added). Accordingly, requests for admission cannot seek a statement or opinion regarding a question of law. *See, e.g., Perez v. Aircom Mgmt.*

---

[3] "The purpose of [r]equests for [a]dmissions is to narrow the number of issues at trial, avoiding unnecessary time and expense." *Kaplan v. Blue Cross and Blue Shield of Florida, Inc.*, No. 06-80162-Civ, 2006 WL 8433299 at *2 (S.D. Fla. Nov. 9, 2006) (citing *Perez*, 297 F.3d at 1255).

*Corp., Inc.*, No. 12-60322-CIV, 2013 WL 45895 (S.D. Fla. Jan. 3, 2013).

Although requests for admission requiring the application of a patent claim involve the application of law to fact, *Krauser v. Biohorizons, Inc.*, No. 10-80454-CIV, 2011 WL 13116713 at *5 (S.D. Fla. Apr. 14, 2011), the construction of the patent claim itself is a question of law to be decided by a court. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 905–06 (2014). Consequently, requests for admission requiring the application of a patent claim are improper before a court has constructed that claim. *Tulip Computs. Int'l, B.V. v. Dell Comput. Corp.*, 210 F.R.D. 100, 108 (D. Del. Oct. 2, 2002); *B/E Aerospace, Inc. v. Zodiac Aerospace*, No. 2:16-CV-01417-JRG-RSP, 2017 WL 3671368 at *1 (E.D. Tex. Mar. 14, 2017).

Requiring Defendant's response to the requests before the Court has resolved the Parties' (many) disputes over claim construction would in all likelihood require supplementation of those answers *after* the claims are afforded legal construction by the Court. Consistent with the Court's adherence to Rule 1 of Federal Rules of Civil Procedure,[4] Defendant will be compelled to answer the pending requests for admission, following entry of an order construing the disputed claims.

## III.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Protective Order Regarding Plaintiff's Third Set of Requests for Admission (ECF NO. 219) is **GRANTED in part** and **DENIED in part**. Defendant shall serve answers to Plaintiff's requests within 20 days of entry of an order by the Court on claim construction.

**DONE AND ORDERED** in Chambers in Miami, Florida this 24 day of September, 2019.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[4] The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."