UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:17-cv-22405-MORENO/LOUIS

ROLAND CORPORATION, a Japanese Corporation,

    Plaintiff,

v.

INMUSIC BRANDS, INC., a Florida Corporation,

    Defendant.

**ROLAND'S MOTION FOR MANDATORY SANCTIONS FOR VIOLATION OF LOCAL RULE 16.2(G)(2) AND THE FLORIDA MEDIATION ACT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

## TABEL OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................................ 2

III.  LEGAL STANDARD .................................................................................................... 4

IV.  ARGUMENT ................................................................................................................. 6

    A.  Defendant's Violation of the Mediation Confidentiality Rules Was Willful and in Bad Faith ................................................................................................. 6

        1.  Defendant Knew That Mediation Communications Are Privileged, But Defendant Intentionally Disclosed Them To Harm Roland ................ 6

        2.  Defendant Continued To Maintain Its Baseless Position Even After Roland Explained The Nature Of Defendant's Violation ........................... 7

    B.  Defendant's Disclosure of Mediation Communications is Even More Egregious In Light of Defendant's Position That No Settlement Was Reached at Mediation ....................................................................................... 9

V.  CONCLUSION ............................................................................................................ 10

i

4838-2516-4988.3

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Abrams-Jackson v. Avossa*,
 282 F. Supp. 3d 1268 (S.D. Fla. 2017) ...............................................................................6, 9

*Bahrakis v. Zimmerman*,
 No. 8:19-cv-2948-T-24 SPF, 2020 U.S. Dist. LEXIS 68299 (M.D. Fla. Apr.
 20, 2020) ..................................................................................................................................6

*Drummond v. Zimmerman*,
 No. 19-81532-CIV-SINGHAL, 2020 WL 1845003, 2020 U.S. Dist. LEXIS
 65233 (S.D. Fla. Apr. 13, 2020) ..............................................................................................5

*Mocombe v. Russell Life Skills & Reading Found., Inc.*,
 No. 12-60659-CIV, 2014 WL 11531569, 2014 U.S. Dist. LEXIS 187840
 (S.D. Fla. Oct. 7, 2014)....................................................................................................5, 7, 9

*Rodriguez v. Marble Care Int'l, Inc.*,
 863 F. Supp. 2d 1168 (S.D. Fla. 2012) ....................................................................................8

**State Cases**

*Paranzino v. Barnett Bank, N.A.*,
 690 So. 2d 725 (Fla. Dist. Ct. App. 1997) ...........................................................................6, 9

**State Statutes**

Fla. Stat.
 § 44.102(3).............................................................................................................................4, 6
 § 44.405..........................................................................................................................1, 7, 8, 10
 § 44.405..................................................................................................................................6
 § 44.405(1) ........................................................................................................................4, 5, 7
 § 44.405(4)(a) .....................................................................................................................3, 5, 8
 § 44.406..................................................................................................................................6
 § 44.406(1) ............................................................................................................................1, 5

Florida Mediation Act, Fla. Stat.
 §§ 44.102, 44.405-406 ...........................................................................................................4

**Other Authorities**

Local Rule 16-2........................................................................................................................2

Local Rule 16.2(g)(2)...................................................................................... *passim*

Plaintiff Roland Corporation ("Plaintiff" or "Roland") hereby moves for entry of an order awarding mandatory sanctions against Defendant inMusic Brands, Inc. ("Defendant" or "inMusic") for willful and intentional violations of S.D. Fla. Local Rule 16.2(g)(2), the Florida Mediation Act at Florida Statutes § 44.405, and this Court's Order setting a mandatory mediation in the case. Roland respectfully requests that the Court 1) strike the offending portions of the filings from the record (Docs. 293 [Defendant's Opposition to Roland's Motion to Enforce Settlement Agreement] and 293-1 [Declaration of McMasters in Support of Defendant's Opposition]); 2) award Roland its attorneys' fees and costs for bringing this motion; 3) award Roland attorneys' fees and costs for preparing for and attending the mediation as well as the cost of the mediation proceedings; 4) grant Roland's Motion to Enforce the Settlement Agreement (Doc. 291); and 5) any and all other sanctions the Court finds just and appropriate.

## I. INTRODUCTION

Defendant has knowingly, persistently, and in bad faith, disclosed confidential mediation communications on the public record in violation of the mediation privilege. In doing so, Defendant violated the parties' mediation agreement, S.D. Fla. Local Rule 16.2(g)(2), and Florida Statutes §44.405, which mandate strict confidentiality of mediation proceedings. Defendant's conduct demonstrates complete disrespect for the mediation process and undermines the privileged and confidential nature of the entire process. If left unchecked, Defendant's conduct could have a chilling effect on the mediation process. Even after Roland alerted Defendant to its violation, Defendant refused to withdraw the offending portions of its filings and persisted in its willful conduct without providing any valid excuse for its violation. As numerous Florida courts have done in similar situations, this Court should grant Roland the mandatory civil remedies provided for in Fla. Stat. § 44.406(1), which include striking the offending filings, granting attorneys' fees and costs for the mediation proceedings, and granting attorneys' fees and costs incurred in bringing this motion. Such an order is necessary to restore respect for the court's authority, and repair damage caused by Defendant to the integrity of the court's alternative dispute resolution program.

1

## II.     STATEMENT OF FACTS

1.     On September 5, 2018, this Court ordered the parties to participate in mediation. (Doc. 146 was the initial order setting mediation, and subsequent orders extended the deadline for mediation.)

2.     On December 4, 2019, the parties participated in the court-ordered mediation in Orlando, Florida before Brian R. Gilchrist.  Mr. Gilchrist "is certified by the Florida Supreme Court as a mediator."  https://allendyer.com/attorney/brian-r-gilchrist/.

3.     The mediation was intended to settle both the present case and the co-pending case Defendant filed against Roland in the District of Rhode Island – Case No. 1:17-cv-00010-M-LDA, filed January 10, 2017.  Prior to the mediation, the parties signed a mediation agreement, which required confidentiality of all mediation proceedings: "You and your clients agree that the mediation conference will be conducted with all of the confidentiality and privilege afforded by the Florida Rules of Civil Procedure, Rule 1.700 and Chapter 44 of the Florida Statutes … ."[1]  Doc. 296-6.

4.     The mediation resulted in a handwritten settlement agreement that was signed by all parties.  *See* Doc. 281 ("Joint Notice of Settlement in Principle"); Doc. 291-1 (handwritten settlement agreement previously filed under seal).[2]  The mediator reported on December 5, 2019 (Doc. 280): "The case has been settled, with final documents to be executed within a week."  All that remained was for the parties to prepare a typed settlement agreement, which was a mere formality, within a week.

5.     Subsequent to December 4, 2019, the parties worked on preparing a typed, formal settlement agreement and patent license agreement.  de Gyarfas Dec. ¶ 5.  While the parties had various disagreements, they were able to resolve all but one.  *Id*.  On January 23, 2020, Defendant,

---

[1] The mediation agreement, Florida Statutes, and Florida Rules of Civil Procedure are all consistent with S.D. Fla. Local Rule 16-2 in requiring confidentiality of mediation proceedings.
[2] To avoid another dispute in which inMusic will baselessly refuse to consent to a filing under seal, instead of attaching exhibits, Roland will reference exhibits previously filed under seal.

2

for the first time, proposed a drastic change to a key term in the handwritten settlement agreement – the monetary term for royalty payments. *Id*. Roland rejected Defendant's proposal and demanded that the parties return to the language agreed upon in the handwritten settlement agreement. *See* Doc. 293-12.

6. On April 14, 2020, Roland filed its Sealed Motion to Enforce the Settlement Agreement (Doc. 291) attaching the handwritten settlement agreement.[3] Roland was careful not to disclose any privileged mediation communications.

7. inMusic filed its Opposition on April 28, 2020. Doc. 293. The Opposition violated the mediation privilege by disclosing the contents of communications between the parties during the December 4, 2019 mediation. Both Defendant's Opposition brief and the supporting Declaration of Mr. McMasters (also an attorney himself) contained mediation communications. Specifically, the following portions of the filings constitute confidential mediation communications:[4]

   a. Opposition at p. 3, ¶¶ 2-3; p. 16 (first partial paragraph, starting with "inMusic understood …" and ending with "kit." citing McMaster Decl. at ¶ 6.)

   b. McMasters Declaration at ¶ 3, second sentence (starting with "Early on …" and ending with "settlement."); ¶¶ 4-6 (entirety of paragraphs).

8. Roland's counsel wrote to Defendant's counsel on April 30, 2020, notifying Defendant of its violations and citing the relevant Florida Statutes and S.D. Fla. Local Rule 16.2(g)(2). Doc. 296-9. Roland also requested that Defendant ask the Court to strike the offending portions of the filings or that Roland would seek sanctions. *Id.* Defendant simply responded,

---

[3] Florida Statutes 44.405(4)(a) states, "Notwithstanding subsections (1) and (2), there is no confidentiality or privilege attached to a signed written agreement reached during a mediation, unless the parties agree otherwise…"

[4] Roland provides pinpoint citations to the material constituting mediation communications, but to avoid further disclosure, will not repeat that material in this brief.

3

without authority, that it was forced to "defend itself" against Roland's Motion to Enforce the Settlement Agreement, refused to acknowledge its violations of applicable rules, and provided no other legal basis for its violations. *Id.*

9. After a series of emails, the parties met and conferred on May 4, 2020. Roland stated its position that Defendant's filings violate the Florida Statutes and the S.D. Fla. Local Rules and requested that Defendant explain its position. Defendant refused to withdraw the material that violated the mediation privilege. Instead, Defendant simply responded that it did not want to argue and failed to provide any basis for its position beyond what it said in email. de Gyarfas Dec. ¶ 9.

### III.   LEGAL STANDARD

Violation of the mediation confidentiality is prohibited by both the S.D. Fla. Local Rule 16.2(g)(2) and the Florida Mediation Act, as set forth in Florida Statutes §§ 44.102, 44.405-406. S.D. Fla. L.R. 16.2(g)(2) states:

> (2) *Restrictions on the Use of Information Derived During the Mediation Conference*. All proceedings of the mediation shall be confidential and are privileged in all respects as provided under federal law and Florida Statutes § 44.405. The proceedings may not be reported, recorded, placed into evidence, made known to the Court or jury, or construed for any purpose as an admission against interest. A party is not bound by anything said or done at the conference, unless a written settlement is reached, in which case only the terms of the settlement are binding.

The Florida Mediation Act, at Fla. Stat. § 44.102(3) emphasizes that each party to a court-ordered mediation, such as the one in this case, has a privilege to refuse to disclose, and to **prevent any person at the mediation** from disclosing mediation communications:

> Each party involved in a court-ordered mediation proceeding has a privilege to refuse to disclose, and to prevent any person present at the proceeding from disclosing, communications made during such proceeding. Notwithstanding the provisions of s. 119.14, all oral or written communications in a mediation proceeding, other than an executed settlement agreement, shall be exempt from the requirements of chapter 119 and shall be confidential and inadmissible as evidence in any subsequent legal proceeding, unless all parties agree otherwise ...

Fla. Stat. § 44.405(1) similarly states:

> Except as provided in this section, all mediation communications shall be confidential. **A mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel**. A violation of this section may be remedied as provided by s. 44.406. If the mediation is court ordered, a violation of this section may also subject the mediation participant to sanctions by the court, including, but not limited to, costs, attorney's fees, and mediator's fees.   (emphasis added)

Further, Fla. Stat. § 44.405(4)(a) specifically states that signed written agreements entered into during mediation are not privileged: "Notwithstanding subsections (1) and (2), there is no confidentiality or privilege attached to a signed written agreement reached during a mediation, unless the parties agree otherwise… ."

Fla. Stat. § 44.406(1) sets forth **mandatory** civil remedies for violation of the mediation privilege:

> Any mediation participant who knowingly and willfully discloses a mediation communication in violation of s. 44.405 **shall**, upon application by any party to a court of competent jurisdiction, be subject to remedies, including:
> (a)   Equitable relief.
> (b)   Compensatory damages.
> (c)   Attorney's fees, mediator's fees, and costs incurred in the mediation proceeding.
> (d)   Reasonable attorney's fees and costs incurred in the application for remedies under this section.  (emphasis added)

"Inclusion of mediation statements in public court filings is a violation of the [Fla. Stat. § 44.405(1)]." *Drummond v. Zimmerman*, No. 19-81532-CIV-SINGHAL, 2020 WL 1845003, at *1-2, 2020 U.S. Dist. LEXIS 65233, at *3 (S.D. Fla. Apr. 13, 2020) (citing *Leigh v. Avossa*, 2017 U.S. Dist. LEXIS 133137, 2017 WL 3608244, at *2 (S.D. Fla. Aug. 21, 2017)) (striking portions of the Complaint and awarding reasonable attorneys' fees and costs).  Fla. Stat. § 44.406(1) "provides for mandatory civil remedies … against any mediation participant who knowingly and willfully discloses a mediation communication." *Id*.  Both federal and state courts in Florida have imposed various sanctions against a party for violating mediation confidentiality rules.  *See Mocombe v. Russell Life Skills & Reading Found., Inc.*, No. 12-60659-CIV, 2014 WL 11531569,

5

at *19, 2014 U.S. Dist. LEXIS 187840, at *65 (S.D. Fla. Oct. 7, 2014) (imposing case-terminating sanctions for violation of the mediation privilege); *Paranzino v. Barnett Bank, N.A.*, 690 So. 2d 725, 730 (Fla. Dist. Ct. App. 1997) (affirming trial court decision to strike pleadings and dismiss case with prejudice as sanctions for violating mediation confidentiality); *Bahrakis v. Zimmerman*, No. 8:19-cv-2948-T-24 SPF, 2020 U.S. Dist. LEXIS 68299, at *5 (M.D. Fla. Apr. 20, 2020) (striking references to mediation communications in pleadings and awarding attorneys' fees and costs incurred in bringing the motion for sanctions); *Abrams-Jackson v. Avossa*, 282 F. Supp. 3d 1268, 1273-74 (S.D. Fla. 2017) (after refusing to agree to withdraw improperly filed material concerning mediation, and instead baselessly opposing a motion for sanctions, the Court struck offending filings and awarded attorneys' fees incurred in bringing motion for sanctions.).

### IV. ARGUMENT

#### A. Defendant's Violation of the Mediation Confidentiality Rules Was Willful and in Bad Faith

##### 1. Defendant Knew That Mediation Communications Are Privileged, But Defendant Intentionally Disclosed Them To Harm Roland

Roland had the privilege to refuse to disclose mediation communications and to prevent inMusic from making such disclosures. Fla. Stat. § 44.102(3). Applicable mediation rules absolutely barred inMusic from disclosing mediation communications. S.D. Fla. L.R. 16.2(g)(2), Fla. Stat. §§ 44.405, 44.406. Defendant willfully violated Roland's privilege and the applicable mediation rules, without any valid basis, solely to harm Roland by disclosing its confidential mediation communications. As courts interpreting these mediation rules have found, the type of conduct engaged in by Defendant "could have a chilling effect on the mediation process." *Paranzino*, 690 So. 2d at 729. Orders such as the one requested by Roland have been found necessary to "deter similar conduct by others in the future, restore respect for the court's authority, repair damage caused by the [Defendant] to the integrity of the court's alternative dispute

resolution program." *Mocombe*, 2014 WL 11531569, at *19 (*citing Hand v. Walnut Valley Sailing Club*, 475 Fed. Appx. 277 (10th Cir. April 4, 2012)).

Defendant was well aware that all mediation proceedings and communications are privileged and must be maintained in strict confidence. Prior to the mediation, the parties signed a mediation agreement, which required confidentiality of all mediation proceedings: "You and your clients agree that the mediation conference will be conducted with all of the confidentiality and privilege afforded by the Florida Rules of Civil Procedure, Rule 1.700 and Chapter 44 of the Florida Statutes … ." Doc. 296-6. Fla. Stat. 44.405(1) states in the plainest terms that "all mediation communications shall be confidential." The S.D. Fla. local rules also state "[a]ll proceedings of the mediation shall be confidential and are privileged in all respects as provided under federal law and Florida Statutes § 44.405."

As practicing attorneys, both Defendant's counsel and Mr. McMasters[5] knew (or should have known) of the strict confidentiality and privilege afforded mediation communications and they have no excuse for their violations. Despite their knowledge of the mediation privilege, Defendant willfully violated the privilege, diminishing the amount of trust all litigants and the Court have in ensuring the confidentiality of the mediation process.

### 2. Defendant Continued To Maintain Its Baseless Position Even After Roland Explained The Nature Of Defendant's Violation

Even when Roland alerted Defendant to its disclosure of confidential mediation communications, Defendant persisted in refusing to withdraw the offending portions. Defendant's only explanation was that it was required to defend itself against Roland's Motion to Enforce the Settlement Agreement because Roland allegedly made unidentified "mischaracterizations."[6] Doc.

---

[5] According to inMusic's representations, Mr. McMasters himself is also an attorney and the general counsel for Defendant, a Florida corporation.

[6] Of course, Roland denies inMusic's allegations. Roland contends it made no mischaracterizations.

7

296-6.  However, Defendant cannot resort to illegal means to defend itself and Defended offered no legal support for its position.  A moment's worth of legal research would have revealed to Defendant that its post-hoc justification for violating such a strict privilege is not an exception to the mediation privilege.  *See Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168, 1182 (S.D. Fla. 2012) (rejecting the argument that disclosure was necessary "to argue against bad faith" because "[n]either the Local Rule nor Florida Statutes § 44.405 has an express exception authorizing disclosure of confidential mediation communications" on such grounds).

During the parties' meet and confer call, Roland again asked what Defendant's position was for disclosing confidential mediation communications on the public record, but Defendant merely responded that it did not want to argue and refused to provide any justification other than what it had previously said in email.  de Gyarfas Dec. ¶ 9.  Thus, on more than one occasion, Roland notified Defendant of the relevant statutes and local rules mandating confidentiality of mediation communications, but Defendant, in bad faith, persistently refused to have offending portions of its papers withdrawn or stricken.

Defendant also argued that the term sheet was a summary of the parties' mediation communications and insinuated that Roland should remove the handwritten settlement agreement from the record if Defendant were to remove the offending portions of its filings.[7]  However, Fla. Stat. 44.405(4)(a) states: "Notwithstanding subsections (1) and (2), there is no confidentiality or privilege attached to a signed written agreement reached during a mediation, unless the parties agree otherwise."  The parties have not agreed otherwise, and the handwritten agreement is signed by both parties.  Thus, there is no mediation privilege that attaches to the signed agreement.  Defendant's disclosures of specific settlement offers and terms exchanged during the mediation

---

[7] de Gyarfas Dec. ¶ 10.  This meritless strategy by Defendant is another attempt to thwart Roland from having the parties' handwritten settlement agreement enforced.  inMusic repeatedly and baselessly refused to agree to allow Roland to file papers under seal in connection with its intended motion to enforce the settlement agreement.  Docs. 284, 288.  Despite inMusic's attempts to obstruct, Roland did successfully file papers under seal.  Doc. 289.

8

process, which were ***not agreed to***, however, is entirely impermissible.  Defendant's post-hoc and misguided attempt to compare these two very different filings should be rejected.

During the meet and confer, Defendant proposed filing the offending portions under seal, but that proposal is unacceptable.  L.R. 16.2(g)(2) specifically states that, "[t]he proceedings may not be reported, recorded, placed into evidence, **made known to the Court** or jury."  (emphasis added.)  Defendant's suggestion would neither cure its violation, nor eliminate any prejudice the filing has caused Roland.  Defendant's filings disclosed specific terms exchanged in mediation and those cannot be "unseen" by this Court.  In fact, a filing under seal ensures that these disclosures will continue to remain of record of this case.  Thus, the only proper remedy is for the Court strike the offending portions of Defendant's filings, grant Roland's Motion to Enforce the Settlement Agreement (Doc. 291), and award Roland its attorneys' fees and costs incurred in bringing this Motion and in preparing for and attending mediation. *See Abrams-Jackson*, 282 F. Supp. 3d at 1274 (striking portions of filing and awarding attorneys' fees).  Defendant refused to remove the mediation communications from the public record, despite knowing that it is in violation of multiple rules and statutes.  As *Mocombe* noted, disclosing confidential mediation communications "undermines the integrity of the entire mediation process utilized by the Court." *Mocombe*, 2014 U.S. Dist. LEXIS 187840 at *23.  Thus, the Court should grant Roland's motion for sanctions.[8]

### B. Defendant's Disclosure of Mediation Communications is Even More Egregious In Light of Defendant's Position That No Settlement Was Reached at Mediation

"Where the parties do not effectuate a settlement agreement in accordance with the dictates of rule 1.730(b), the confidentiality afforded to parties involved in mediation proceedings must remain inviolate." *Paranzino*, 690 So. 2d at 728 (citing *Gordon v. Royal Carribean Cruises Ltd.*, 641 So. 2d 515, 517 (Fla. 3d DCA 1994).)  In Defendant's Opposition to Roland's Motion to

---

[8] If this motion is granted, upon being given permission by the Court, Roland will submit a declaration identifying the attorneys' fees incurred.

9

Enforce the Settlement Agreement, Defendant's position is that the handwritten settlement agreement was not an actual settlement agreement but merely a term sheet, and no final settlement was reached. If Defendant truly believed that no settlement had been reached during mediation, Defendant's disclosure of mediation communications is even more egregious. If there has not been a settlement and the parties must reopen litigation, it is important that the parties' settlement positions or negotiations are not made known to the court or jury, so as not to cause prejudice to either party. Further, no party would trust the confidentiality of the mediation process if it suspected the communications exchanged would be disclosed on the public record. Thus, Defendant's willful and bad faith disclosure of the parties' mediation communications warrants sanctions against Defendant in the form of granting Roland's Motion to Enforce the Settlement Agreement (Doc. 291), to deter further undermining of the mediation process.

### V.   CONCLUSION

For the foregoing reasons, Roland respectfully requests that the Court grant Roland's Motion for Sanctions against Defendant for willful and intentional violations of S.D. Fla. Local Rule 16.2(g)(2) and Florida Statutes § 44.405 and order the following sanctions against Defendant: 1) strike the offending portions of the filings from the record (Docs. 293 and 293-1); 2) award Roland its attorneys' fees and costs for bringing this motion; 3) award Roland attorneys' fees and costs for preparing for and attending the mediation as well as the cost of the mediation proceedings; 4) grant Roland's Motion to Enforce the Settlement Agreement (Doc. 291); and 5) any and all other sanctions the Court finds just and appropriate.

## CERTIFICATE OF GOOD FAITH CONFERENCE
## PURSUANT TO LOCAL RULE 7.1(a)(3)

I hereby certify that counsel for the movant conferred with Defendant's counsel on May 4, 2020, and that Defendant's counsel opposes the relief requested in this motion.

Dated: May 13, 2020                              Respectfully submitted,

                                                  By:  /s/ Victor de Gyarfas

                                                  **FOLEY & LARDNER L.L.P**
                                                  Laura Ganoza, Esq. (Florida Bar No. 118532)
                                                  One Biscayne Tower, Suite 1900
                                                  2 South Biscayne Boulevard
                                                  Miami, Florida 33131
                                                  (305) 482-8400
                                                  (305) 482-8600 (fax)
                                                  lganoza@foley.com

                                                  Victor de Gyarfas Esq. (*pro hac vice*)
                                                  555 South Flower Street, Suite 3300
                                                  Los Angeles, CA 90071
                                                  (213) 972-4500
                                                  (213) 486-0065 (fax)
                                                  vdegyarfas@foley.com

                                                  ***Attorneys for Roland Corporation***

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being filed this date, May 13, 2020, electronically through the ECF system by which the registered participants identified on the Notice of Electronic Filing should receive notice, including the following counsel of record:

*/s/ Victor de Gyarfas*
Victor de Gyarfas

## SERVICE LIST

| | |
|---|---|
| Joseph Bain<br>Robert Rodriquez<br>**SHUTTS & BOWEN**<br>525 Okeechobee Blvd.<br>Suite 1100<br>West Palm Beach, Florida 33401<br>Tel:    561.650.8523<br>Fax:   561.650.8350<br>jbain@shutts.com<br>rrodriguez@shutts.com | Craig M. Scott (*pro hac vice*)<br>Christine K. Bush (*pro hac vice*)<br>**HINCKLEY, ALLEN & SNYDER, LLP**<br>100 Westminster Street, Suite 1500<br>Providence, Rhode Island 02903<br>Tel: 401.274.2000<br>Fax:   401.277.9600<br>cscott@hinckleyallen.com<br>cbush@hinckleyallen.com |