**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:17-cv-22405-MORENO/LOUIS**

| | |
|---|---|
| ROLAND CORPORATION, a Japanese Corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>INMUSIC BRANDS, INC., a Florida Corporation,<br><br>      Defendant. | |

**DECLARATION OF VICTOR DE GYARFAS IN SUPPORT OF
PLAINTIFF ROLAND CORPORATION'S MOTION
FOR DETERMINATION THAT ROLAND IS THE PREVAILING PARTY AND FOR
ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

I, Victor de Gyarfas, declare:

1. I am counsel of record for Plaintiff Roland Corporation and lead counsel in this case.

2. Attached hereto as Exhibit A is a true and correct copy of cited portions of the November 3, 2022 Rough Transcript.

3. Attached hereto as Exhibit B is a true and correct copy of cited portions of the November 14, 2022 Rough Transcript.

3. Attached hereto as Exhibit C is a true and correct copy of cited portions of the November 10, 2022 Rough Transcript.

4. Attached hereto as Exhibit D is a true and correct copy of cited portions of the November 15, 2022 Rough Transcript.

5. Attached hereto as Exhibit E is a true and correct copy of Exhibit 16.1 to the Expert Report of Suzanne Heinemann.

6. Attached hereto as Exhibit F is a true and correct copy of cited portions of the July 18, 2018 Transcript.

7. Attached hereto as Exhibit G is a true and correct copy of cited portions of the November 18, 2022 Rough Transcript.

8. Attached hereto as Exhibit H is a true and correct copy of the 2019 AIPLA Report of the Economic Survey.

9. Attached hereto as Exhibit I is a true and correct copy of portions of REBUTTAL EXPERT REPORT OF HARRI KYTOMAA, PH.D., P.E. REGARDING NON INFRINGEMENT.

10. Attached hereto as Exhibit J is a true and correct copy of portions of SUPPLEMENTAL REBUTTAL EXPERT REPORT OF HARRI KYTOMAA, PH.D., P.E. REGARDING NON-INFRINGEMENT.

11. Attached hereto as Exhibit K is a true and correct copy of an email dated July 15, 2022 7:22 AM and the attachment thereto.

12. Attached hereto as Exhibit L is a true and correct copy of a summary of credentials of Crystal B. Carswell.

13. Attached hereto as Exhibit M is a true and correct copy of a summary of credentials of David B. Goroff.

14. Attached hereto as Exhibit N is a true and correct copy of a summary of credentials of Eric L. Sophir.

15. Attached hereto as Exhibit O is a true and correct copy of a summary of credentials of Jianing G. Yu.

16. Attached hereto as Exhibit P is a true and correct copy of a summary of credentials of Justin B. Uhlemann.

17. Attached hereto as Exhibit Q is a true and correct copy of a summary of credentials of Kimberly K. Dodd.

18. Attached hereto as Exhibit R is a true and correct copy of a summary of credentials of Laura Ganoza.

19. Attached hereto as Exhibit S is a true and correct copy of a summary of credentials of Michael R. Houston.

20. Attached hereto as Exhibit T is a true and correct copy of a summary of credentials of Ted. R Rittmaster.

21. Attached hereto as Exhibit U is a true and correct copy of a summary of credentials of Tiffany K Sung.

22. Attached hereto as Exhibit V is a true and correct copy of a summary of credentials of Victor de Gyarfas.

23. The following table identifies exhibits that are true and correct copies of Foley & Lardner invoices for this lawsuit for the identified month.

| Exhibit | Month |
|---|---|
| 1 | August 2016 |
| 2 | September 2016 |
| 3 | October 2016 |
| 4 | November 2016 |
| 5 | December 2016 |
| 6 | January 2017 |
| 7 | February 2017 |
| 8 | March and April 2017 |
| 9 | May 2017 |
| 10 | June 2017 |
| 11 | July 2017 |
| 12 | August 2017 |
| 13 | September 2017 |

4885-8534-0229.1

| | |
|---|---|
| 14 | October 2017 |
| 15 | November 2017 |
| 16 | December 2017 |
| 17 | January 2018 |
| 18 | February 2018 |
| 19 | March 2018 |
| 20 | April 2018 |
| 21 | May 2018 |
| 22 | June 2018 |
| 23 | July 2018 |
| 24 | August 2018 |
| 25 | September 2018 |
| 26 | October 2018 |
| 27 | November 2018 |
| 28 | December 2018 |
| 29 | January 2019 |
| 30 | February 2019 |
| 31 | March 2019 |
| 32 | April 2019 |
| 33 | May 2019 |
| 34 | June 2019 |
| 35 | July 2019 |
| 36 | August 2019 |
| 37 | September 2019 |
| 38 | October 2019 |
| 39 | November 2019 |
| 40 | December 2019 |
| 41 | January 2020 |
| 42 | February 2020 |
| 43 | March 2020 |
| 44 | April 2020 |
| 45 | May 2020 |
| 46 | June 2020 |
| 47 | July 2020 |
| 48 | September 2020 |
| 49 | October 2020 |
| 50 | November 2020 |
| 51 | December 2020 |
| 52 | January 2021 |

4885-8534-0229.1

| | |
|---|---|
| 53 | February 2021 |
| 54 | March 2021 |
| 55 | June 2021 |
| 56 | July 2021 |
| 57 | August 2021 |
| 58 | September 2021 |
| 59 | October 2021 |
| 60 | November 2021 |
| 61 | December 2021 |
| 62 | January 2022 |
| 63 | February 2022 |
| 64 | March 2022 |
| 65 | April 2022 |
| 66 | May 2022 |
| 67 | June 2022 |
| 68 | July 2022 |
| 69 | August 2022 |
| 70 | September 2022 |
| 71 | October 2022 |
| 72 | November 2022 |

24. Attached hereto as Exhibit W is a true and correct copy of a spreadsheet that identifies on a monthly basis Roland's attorneys' fees for this matter, as well as the identity of timekeepers who worked on the matter and billing rates of timekeepers on the matter. The total fees incurred by Roland in this matter is $6,316,634.01. The following columns of Exhibit W contain the following information: "Time Period Ending" provides the month end date for which invoiced services were provided; "Timekeeper" provides the name of the timekeeper; "Initials" provides the initials of the timekeeper; "Title" provides the title of the timekeeper; "Hours" provides the number of hours billed by the timekeeper for the invoice; "Rate" is the hourly rate of the timekeeper; "Dollars" is the Rate multiplied by Hours; "Old Amount" is the originally invoiced amount less any discount provided by Foley & Lardner for the monthly invoice when there are no adjustments to any hourly rates, but when there are adjustments to hourly rates,

4

"New Rate" identifies the downwardly adjusted rate for the timekeeper, "Old Amount" identifies the amount of the original hourly rate multiplied by the number of hours, and "New Amount" identifies the new hourly rate multiplied by the number of hours; "Adjusted Amount" identifies the effective amount of the invoice after discounts and downward adjustments; "Month-End Fees" identifies the amount of invoiced fees less downward adjustments.

25.  I am informed by Foley & Lardner's accounting department that Roland has paid all invoices for this matter through the end of August 2022.

26.  Foley & Lardner has written off time on numerous invoices to Roland.  Any timekeeper's rate that was $900 or above has been reduced to $890.  Time entries that were for another matter concerning litigation between the parties but accidentally included on the invoice for the Florida case have been removed.  Those time entries that were removed are identified in Exhibit Y hereto.

27.  Foley & Lardner also provided courtesy discounts to Roland on many of the invoices to lessen the financial impact to Roland, especially after inMusic refused to abide by the terms of a settlement Term Sheet that inMusic signed in December 2019.

28.  I have reviewed the invoices of Exhibits 1-72.  I believe (1) the work in this case was allocated to attorneys and other staff judiciously, and the ultimate division of labor was efficient; (2) the time billed was directed towards the resolution of legal issues; (3) toward that end, the work included conducting legal research and drafting legal correspondence, motions, briefs and supporting materials, depositions, hearings, and a trial. The invoices of Exhibits 1-72 reflect contemporaneous time entries entered for time worked.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 14, 2023       /s/ Victor de Gyarfas
                                Victor de Gyarfas

5

4885-8534-0229.1