UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 17-cv-22405-MORENO/Louis

ROLAND CORPORATION, a Japanese
corporation,

    Plaintiff,
v.

INMUSIC BRANDS, INC., a Florida
Corporation,

    Defendant.
_____/

**DECLARATION OF URY FISCHER, ESQ.
AS TO ROLAND CORPORATION'S REASONABLE ATTORNEYS' FEES**

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, and based on my own personal knowledge and/or information provided to me by counsel, I, Ury Fischer, hereby declare that the following is true and correct:

1. I am an attorney licensed to practice law in the State of Florida since 1995. I am a member in good standing of The Florida Bar and of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, the United States Court of Appeals for the Federal Circuit, the United States District Court for the Southern, Middle, and Northern Districts of Florida, Eastern District of Texas, Northern District of Illinois, and the District of Puerto Rico.

2. I am one of the founders and a shareholder of the law firm of Lott & Fischer, PL in Coral Gables, Florida.

3. I have been in the active and continuous practice of intellectual property litigation in Florida for over 20 years, during which time I have handled cases for both plaintiffs and defendants in both federal and state courts. I have represented clients in state and federal appellate

1

courts, the United States Patent and Trademark Office ("USPTO"), and the Supreme Court of the United States.

4. My practice has exclusively focused on intellectual property since the year 2000. Specifically, I have represented clients in intellectual property litigation involving trademarks, patents, copyright, trade secrets, computer software, covenants not to compete, unfair competition and related matters. Attached as **Exhibit A** is a listing of the patent infringement cases where I have served as counsel of record.

5. In addition to my intellectual property litigation experience, I have, for the past 22 years, represented numerous clients in the prosecution of patent applications, and the procurement of patents, in my capacity as a registered patent attorney before the USPTO. I estimate that I have prosecuted more than 450 patent applications before the USPTO, which have resulted in the issuance of more than 200 patents.

6. I have previously given expert testimony in depositions and by way of declarations and/or affidavits as to the reasonableness of attorneys' fees in the following federal and state court cases in South Florida:

> **GATEARM TECHNOLOGIES v. ACCESS MASTERS, LLC, et al**
> United States District Court for the Southern District of Florida
> Case No. 14-62697-CIV-SCOLA/Otazo-Reyes
>
> **SKYPATROL, LLC. v. MORRISON & FOERSTER, LLP.**
> Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County
> Case No. 15-012370.
>
> **DISNEY ENTERPRISES, INC. v. JAY BARTELS**
> United States District Court for the Southern District of Florida
> Case No. 05-81093-CIV-HURLEY/Hopkins

7. Attached as **Exhibit B** is my curriculum vitae which accurately sets forth my background and experience.

8. I have been asked to render an opinion as to whether the attorneys' fees sought by Roland Corporation, (hereinafter "Plaintiff" or "Roland") as set forth in Roland's Motion for Determination that Roland is the Prevailing Party and for Determination of Attorneys' Fees Pursuant to 35 U.S.C. § 285 (hereinafter the "Motion"), are reasonable based on my review of relevant documents, my discussions with Roland's counsel, my personal knowledge and experience, my review of relevant statutes and case law, and my review of the hourly rates of other attorneys in the relevant market.

9. With respect to the legal services rendered in this action, I am familiar with the issues involved, the time and labor required, the novelty and difficulty of the questions involved, the skills required to perform those legal services promptly, and the fee customarily charged in South Florida for similar legal services.

10. Based on my experience in representing clients in patent infringement disputes, I am familiar with the manner in which such cases are typically litigated.

11. In connection with the making of this Declaration, I have reviewed and considered multiple documents including but not limited to the following:

- Docket entries from Court's electronic filing system: [DE-1], [DE-22], [DE-25], [DE-40], [DE-44], [DE-46], [DE-59], [DE-62], [DE-65], [DE-68], [DE-84], [DE-90], [DE-99], [DE-108], [DE-109], [DE-111], [DE-112], [DE-114], [DE-123], [DE-124], [DE-129], [DE-130], [DE-140], [DE-141], [DE-145], [DE-154], [DE-156], [DE-157], [DE-159], [DE-168], [DE-178], [DE-184], [DE-186], [DE-215], [DE-218], [DE-219], [DE-231], [DE-237], [DE-252], [DE-254], [DE-255], [DE-258], [DE-259], [DE-260], [DE-269], [DE-271], [DE-281], [DE-298], [DE-299], [DE-302], [DE-306], [DE-354], [DE-358], [DE-361], [DE-368], [DE-387], [DE-396], [DE-416], [DE-438], [DE-442], [DE-452], [DE-455], [DE-466], [DE-467], [DE-469], [DE-470], [DE-471], [DE-472], [DE-492], [DE-493], [DE-497], [DE-500], [DE-505], [DE-506], [DE-510], [DE-514], [DE-515], [DE-516], [DE-528], DE-529], [DE-530], [DE-538], [DE-540], [DE-541], [DE-543], [DE-547], [DE-548], [DE-592], [DE-597], [DE-600], [DE-601], [DE-605]
- Docket sheet as of February 10, 2023
- Foley & Lardner LLP ("F&L") invoices from September 2016 to December 2022
- Spreadsheets reflecting hours and amounts billed per F&L timekeeper

3

- Professional background information for the F&L attorneys who worked on the matter;
- Plaintiff Roland Corporation's Motion for Determination that Roland is the Prevailing Party and for Attorneys' Fees Pursuant to 35 U.S.C. § 285
- inMusic Brands Inc.'s Local Rule 7.3(a) Objections

12. In reaching my conclusions, I have considered the "lodestar" formula for determining reasonable fee awards. *See Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988).

13. As set forth in the F&L invoices I reviewed (attached as **Exhibit C** hereto), Plaintiff Roland incurred the following fees in connection with this litigation from its inception until November 30, 2022:

**FEES INCURRED BY ROLAND[1]**

| Timekeeper<br><br>** = Denotes Hourly Rates Above $900 | Position | Years of Experience Per Attorney | Effective Hourly Rate | Hours | Fees |
|---|---|---|---|---|---|
| Goroff, David B. ** | Attorney | 38 | $1,036 | 6.80 | $7,042.20 |
| Rittmaster, Ted R. ** | Attorney | 34 | $615 | 1,165.90 | $717,252.73 |
| de Gyarfas, Victor | Attorney | 29 | $633 | 4,763.60 | $3,013,861.36 |
| Ganoza, Laura ** | Attorney | 27 | $788 | 756.80 | $596,102.05 |
| Uhlemann, Justin B. ** | Attorney | 22 | $779 | 440.30 | $342,928.25 |
| Sophir, Eric L.** | Attorney | 21 | $864 | 0.30 | $259.20 |
| Dodd, Kimberly K. ** | Attorney | 20 | $837 | 353.00 | $295,395.90 |
| Houston, Michael R. | Attorney | 18 | N/A | 0.00 | $0.00 |
| Carswell, Crystal | Attorney | 11 | $662 | 174.10 | $115,167.15 |
| Yu, Jianing (Galen) | Attorney | 10 | $489 | 11.60 | $5,671.50 |
| Cravatta, Katlin C. | Attorney | 9 | $472 | 26.20 | $12,359.84 |
| Sung, Tiffany K. | Attorney | 5 | $449 | 1,703.50 | $765,274.15 |
| Koley, Ashley M. | Attorney | 3 | $240 | 4.00 | $960.00 |
| Escalona, Yelan | Attorney | 2 | $239 | 2.40 | $572.40 |
| Deol, Sandeep | Attorney | 11 | $590 | 116.60 | $68,851.86 |
| Freel, Eva K. | Attorney | 6 | $369 | 421.10 | $155,432.20 |

---

[1] After all discounts and adjustments.[2] Mr. David Goroff has an effective rate of $1,036. I understand he is an appellate lawyer with nearly 40 years of experience including significant experience before the Federal Circuit. He billed a total of 6.8 hours resulting in just over $7,000 in total charges to Roland.

4

| Timekeeper<br><br>** = Denotes Hourly Rates Above $900 | Position | Years of Experience Per Attorney | Effective Hourly Rate | Hours | Fees |
|---|---|---|---|---|---|
| Kwun, Jimmy Y. | Attorney | 10 | $460 | 5.00 | $2,300.00 |
| Tezyan, Michael | Summer Associate | N/A | $240 | 9.60 | $2,304.00 |
| Bevan, Michael T. | Non-Atty Support | N/A | N/A | 0.00 | $0.00 |
| Desing, James | Non-Atty Support | N/A | $290 | 0.30 | $87.00 |
| DiNatale, James | Non-Atty Support | N/A | $150 | 1.10 | $165.00 |
| Estrada, Haydrich | Non-Atty Support | N/A | $252 | 205.40 | $51,760.80 |
| Gasser, Sean | Non-Atty Support | N/A | N/A | 0.00 | $0.00 |
| Howell, Roberta F. | Non-Atty Support | N/A | N/A | 0.00 | $0.00 |
| Iwata, Jennifer B. | Non-Atty Support | N/A | $194 | 0.80 | $154.80 |
| Lange, Linda M. | Non-Atty Support | N/A | $81 | 0.30 | $24.30 |
| McIntosh, Autumn | Non-Atty Support | N/A | $327 | 290.00 | $94,799.32 |
| Nash, Leslie E. | Non-Atty Support | N/A | $312 | 1.80 | $562.25 |
| Romero, Jorge A. | Non-Atty Support | N/A | N/A | 0.00 | $0.00 |
| Schachte, Matthew D. | Non-Atty Support | N/A | $198 | 0.70 | $138.60 |
| Shine, Laura A. | Non-Atty Support | N/A | $360 | 23.70 | $8,532.00 |
| Silva, Nils | Non-Atty Support | N/A | $241 | 10.90 | $2,622.20 |
| Thunder, Lisa M. | Non-Atty Support | N/A | $90 | 0.50 | $45.00 |
| Tigue III, Paul C. | Non-Atty Support | N/A | $263 | 374.40 | $98,428.25 |
| Torres, Jesus | Non-Atty Support | N/A | $267 | 31.80 | $8,475.30 |
| Yeo, Bethany T. | Non-Atty Support | N/A | N/A | 0.00 | $0.00 |
| Yo, Jessica | Non-Atty Support | N/A | $160 | 4.30 | $688.00 |
| Zorro, Alfonso J. | Non-Atty Support | N/A | N/A | 0.00 | $0.00 |
| **Total** | | | | **10,906.80** | **$6,368,217.61** |
| | | | | | |
| **Net Reduction to $890 for Any Hourly Rates Above $900** | | | | | **$ 51,583.60** |

5

| Timekeeper<br><br>** = Denotes Hourly Rates Above $900 | Position | Years of Experience Per Attorney | Effective Hourly Rate | Hours | Fees |
|---|---|---|---|---|---|
| Grand Total for Fee Petition | | | | | $6,316,634.01 |

14. In reaching my conclusions, I have also considered the factors set forth in *Norman*, *Florida Patients Comp. Funds v. Rowe*, 472 So.2d 1145 (Fla. 1985), its progeny, the provisions of Florida Bar Rules of Professional Conduct at Rule 4-1.5(b), *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), and other cases relevant on the issue of attorney's fee awards as referenced in this Declaration. The most relevant factors include (1) the time and labor required and the novelty, complexity, and difficulty of the questions and the required skill to deal with them; (2) preclusion of other employment by the lawyer; (3) the customary rate in the locality for comparable legal services; (4) the significance of the subject matter or amount of the representation and the responsibility involved; (5) any additional or special time demands imposed by the client or by the circumstances; (6) the nature and length of the professional relationship, if any, with the client; and (7) the experience, reputation, diligence, and ability of the lawyers and their skill or efficiency reflected in the record.

15. In my experience, the above factors are not an exhaustive list and some of these factors may be more significant than others in a given case.

6

**HOURLY RATES**

16. **Experience and Reputation.** In my opinion, F&L is one of the leading national firms specializing in intellectual property law, and enjoys an exceptional reputation nationwide, and in the South Florida legal community, and particularly so when it comes to the field of patent infringement litigation. Partners Victor de Gyarfas, Tedd R. Rittmaster, Laura Ganoza, Justin B. Uhleman, and Kimberly K. Dodd, as well as associates Crystal Carswell, and Sandeep Deol, are highly experienced and respected attorneys. F&L associates Tiffany K. Sung, and Eva K. Freel are excellently qualified, diligent, and well-regarded young attorneys.

17. Victor de Gyarfas served as Plaintiff's lead trial counsel before this Court with Laura Ganoza, Justin B. Uhlemann, and Tiffany K. Sung, as trial co-counsel. He is a partner at F&L and has litigated patent infringement cases for over 28 years. Mr. de Gyarfas has been included in the Southern California "Super Lawyers" list for the past 15 years. Mr. de Gyarfas graduated with a B.S. in Physics from Harvey Mudd College, and in 1994 received his J.D. degree, *cum laude*, from Southwestern University, where he was an editor of the Law Review.

18. Laura Ganoza is a partner at F&L and has litigated and tried complex commercial litigation matters, including intellectual property matters, for over 20 years. Ms. Ganoza is rated "AV Preeminent," the highest possible rating, by Martindale Hubbell. Ms. Ganoza has been recognized in "The Best Lawyers in America," "World Trademark Review," "The South Florida Legal Guide" and "Florida Trend's Legal Elite." Ms. Ganoza graduated with a B.A. in Marketing, *cum laude*, from the University of Florida in 1993, and in 1996 received her J.D. degree, *cum laude*, from New York University School of Law. Ms. Ganoza is the Chair of the Litigation Department of the Miami Office of F&L.

7

19. Justin B. Uhlemann is a partner at F&L and has litigated complex commercial disputes in Federal Court for over 20 years. Mr. Uhlemann graduated with a B.A. from Brown University in 1998, and in 2001 received his J.D. degree, *cum laude*, from the University of Florida Levin College of Law, where he was an editor for the Law Review and graduated first in his class.

20. Tedd R. Rittmaster is a partner at F&L and has prosecuted patents and handled other intellectual property matters, including as counsel in support of patent infringement litigation, for more than 30 years. Mr. Rittmaster is the chair of the Intellectual Property Department of F&L's Los Angeles office. Mr. Rittmaster has extensive experience with patent and other intellectual property matters relating to many types of electronic musical instruments. Mr. Rittmaster was named an "IP Star" by Managing Intellectual Property magazine in 2015 and has taught patent-related courses at Western State University School of Law. Mr. Rittmaster received a B.S. degree in Electrical Engineering from the University of Southern California in 1985, and received his J.D. degree from the Catholic University of America, Columbus School of Law in 1989. Mr. Rittmaster is a Registered Patent Attorney with the United States Patent and Trademark Office.

21. Kimberly K. Dodd is a partner at F&L and has litigated patent, trademark, copyright, and trade secret matters for 19 years. She has tried intellectual property cases throughout the country, including the Western District of Wisconsin, the Northern District and Eastern Districts of California, the Eastern District of Texas, the District of Delaware, the Northern District of Illinois, and before the International Trade Commission. Ms. Dodd received her B.S. degree, with honors, in Genetics and Bacteriology from the University of Wisconsin-Madison in 2000, and received a J.D. degree, *cum laude*, from the University of Wisconsin Law School in

8

2003. Ms. Dodd is a Registered Patent Attorney with the United States Patent and Trademark Office.

22. Tiffany K. Sung is an associate at F&L's Los Angeles office where she is a member of the firm's intellectual property litigation practice. Ms. Sung joined F&L in 2018 after a clerkship with the firm during the summer of 2017. Ms. Sung received her B.S. degree in Molecular, Cell and Developmental Biology from the University of California, Los Angeles in 2014. Ms. Sung earned her J.D. degree from The University of California, Los Angeles School of Law in 2018. While at law school, Ms. Sung served as a forum co-chair and staff editor for the Journal of Law and Technology.

23. The qualifications and experience of additional F&L attorneys are further detailed in the Motion.

24. **Local and Customary Rates.** Although I have practiced throughout the State of Florida and in other states during my 26-year legal career, the vast majority of my practice has been in the South Florida area. Moreover, in connection with my representation of clients in intellectual property disputes, and management of my own intellectual property firm, I often study and analyze the prevailing rates in South Florida for lawyers in these types of matters. As a result, I am very familiar with the general range of hourly rates charged by intellectual property and complex litigation attorneys in the Southern District of Florida, particularly during the period when F&L rendered legal services for Plaintiff in this case.

25. Under its fee agreement with Plaintiff, F&L charged Plaintiff $6,880,876.50 prior to any adjustments or discounts (exclusive of costs) for the firm's representation of Plaintiff through trial before this Court, and at the U.S. District Court for the Central District of California, based on the invoices referenced in Paragraph 13 above.

9

26. The amounts sought in paragraph 13 above include a downward adjustment of $34,650.00 for tasks which combined work in connection with the instant lawsuit and other pending litigation. In addition, F&L provided 10% and/or 15% courtesy discounts in several of its invoices, amounting to an additional reduction of $487,008.89.

27. In addition, I understand that Defendant objected to any rates that were over $900. While only 1 F&L attorney has an effective rate over $900[2], in order to address this objection, Roland agreed to reduce any hourly rates that were $900 or more to $890. This results in a net deduction of $51,583.6051.

28. Accordingly, the total amount for fees sought by Plaintiff in the Motion is $6,316,634.01. The combined charges for Mr. de Gyarfas, Ms. Ganoza, Mr. Uhlemann, Mr. Rittmaster, Ms. Dodd, and Ms. Sung, after adjustments and discounts, account for approximately 90% of the total fees sought.

29. It is my opinion that the fees actually billed to Plaintiff by its counsel were based on hourly rates that were generally at or below prevailing market rates for comparable legal services in the community. It is worth noting that under Eleventh Circuit law, F&L's fee agreement with its counsel does not place a cap on the market rate fees that F&L may properly seek. *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001)(though a significant factor, "the agreed-upon fee rate does not necessarily act as a cap or ceiling in determining the reasonable hourly rate."); *Olivas v. A Little Havana Check Case, Inc.*, 2008 WL 11333098 (S.D. Fla. Feb. 29, 2008)(Torres, M.J.)("The Eleventh Circuit thus approved the lower court's award of an hourly rate that exceeded the contracted-for rate because it more

---

[2] Mr. David Goroff has an effective rate of $1,036. I understand he is an appellate lawyer with nearly 40 years of experience including significant experience before the Federal Circuit. He billed a total of 6.8 hours resulting in just over $7,000 in total charges to Roland.

accurately reflected the prevailing market rate in that legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.")

30. Mr. de Gyarfas's and Mr. Rittmaster's effective rates of $633/hour and $615/hour, respectively, are, in my opinion, on the lower end of what other partners of similar experience and specialization practicing at IP firms in South Florida, including Lott & Fischer, PL, charge for their time ($620-$1,250/hour, $845/hour average, see Paragraph 34 below).

31. Ms. Ganoza, Ms. Dodd, and Mr. Uhlemann's effective rates of $788/hour, $837/hour, and $779/hour are in line, but still below the average, of what other partners of similar experience and specialization practicing at IP firms in South Florida, including Lott & Fischer, PL, charge for their time ($620-$1,250/hour, $845/hour average, see Paragraph 34 below).

32. Ms. Sung's effective rate of $449/hour is slightly higher than what other young associates of similar experience and specialization in South Florida charge for their time ($275-$325/hour). However, Ms. Sung is based in F&L's Los Angeles office, where this case was originally litigated before being transferred to Miami. According to the AIPLA's 2021 Report of the Economic Survey, the nationwide average hourly rate for associate attorneys with 10 years or less of experience is $432.00/hour, which is in line with the effective rate charged by F&L for Ms. Sung in this case.[3]

33. The average hourly rates requested for F&L's non-shareholder attorneys ($460/hour), summer associates ($233/hour), and paralegals ($281/hour) are also similar to the hourly rates charged for comparable legal services performed by non-shareholder attorneys ($275-$450), Summer Associates ($210/hour) and paralegals ($210/hour) at Lott & Fischer.

---

[3] See AIPLA's 2021 Report of the Economic Survey at p. I-50.

11

34.     In reaching these conclusions, I reviewed the rates of well-respected lawyers, including lawyers at my firm, who practice intellectual property law in South Florida. On average, the rates charged by these South Florida lawyers were equivalent to or exceeded the hourly rates that F&L is requesting for Mr. de Gyarfas, Ms. Ganoza, Mr. Uhlemann, Mr. Rittmaster, and Ms. Sung.  The rates of local lawyers that I have reviewed are summarized below:

**Hourly Rates for South Florida Intellectual Property Litigation Attorneys**

| Attorney | Law Firm | Years Practicing | Hourly Rate |
| --- | --- | --- | --- |
| Daniel Barsky | Holland & Knight | 17 | $1,250 |
| Jorge Espinosa | GrayRobinson | 34 | $620 |
| Ury Fischer | Lott & Fischer | 27 | $625 |
| James Gale | Cozen O'Connor | 36 | $1,050 |
| Danielle Garno | Holland & Knight | 18 | $890 |
| Samuel Lewis | Cozen O'Connor | 23 | $950 |
| Leslie Lott | Lott & Fischer | 50 | $675 |
| Steven Peretz | Peretz Chesal Herrmann | 42 | $675 |
| James G. Sammataro | Pryor Cashman | 22 | $870 |
| **AVERAGE** | | | **$845** |

35.     Based on the foregoing, the rates set forth in the table in Paragraph 13 above for the timekeepers at F&L reasonably reflect market rates that are lower than, or equal to, prevailing market rates for this type of case.  *See Domond v. Peoplenetwork APS,* 2017 WL 5642463 (S.D. Fla. Nov. 14, 2017)(Moreno, J.)(In a Lanham Act case decided more than 5 years ago, approving the opposed $645-$675/hour rate of lead trial counsel with 21 years of experience and approving the unopposed $650/hour rate of local counsel Harry Schafer with 32 years of experience)(DE 64-2).

36.     **Skill, Expertise and Time Preclusion**. In my opinion, hourly rates also correlate to skill and efficiency, which tend to mirror each other. In reaching my conclusion about hourly rates, I also reviewed the skill, expertise, and efficiency reflected in the services and advocacy presented in the case.

12

37. F&L's attorneys handled the case efficiently and skillfully. Just four F&L attorneys – Mr. de Gyarfas, Mr. Rittmaster, Ms. Ganoza and Ms. Sung – accounted for 75% of F&L's total attorney hours in the firm's representation of Plaintiff.

38. This case began in August 2016 when the original Complaint was filed, and culminated with a jury verdict entered in favor of Plaintiff on November 2022. The jury found all 4 patents, and all 21 claims, tried by Plaintiff, to be valid and infringed by Defendant. Based on my review of the District Court record, it is clear the Defendant created significant challenges for Plaintiff's counsel to surmount. In the face of these challenges, Plaintiff's counsel accomplished all of Plaintiff's primary objectives in this litigation. The skill and efficiency counsel exhibited in achieving these results against Defendant fully support the hourly rates requested.

39. This case absorbed a significant portion of the time and resources of F&L thereby limiting the firms' ability to work on other cases during the critical phases of this case.

40. Based on the foregoing, in my opinion, the hourly rates requested by Plaintiff's attorneys, as set forth in the tables in Paragraph 13 above, are consistent with the prevailing market rates and are reasonable.

**TIME EXPENDITURES**

41. To determine a reasonable time expenditure, I relied upon my personal knowledge and experience with F&L's counsel and of similarly situated attorneys in the South Florida community (including at Lott & Fischer), as well as my review of the record, interviews with F&L's counsel, and detailed records of the attorney time entries summarized in the table above.

42. I gave great weight to the time, labor, and difficulty factors because the case was unusual and complex on a number of levels. Patent litigation by its nature tends to be a more difficult area of specialization than average. I have personally served as counsel in patent cases,

13

so I understand firsthand the difficulties involved.  Because of the area of law, patent cases tend to require more time and coordination and consultations among co-counsel than do other cases.  *See*, *Pierce v. Underwood*, 487 U.S. 552, 572 (1988) (recognizing that patent law is a "specialized skill" and a "special factor" justifying a higher than customary billing rate.)

43. The court papers I reviewed reflect that Defendants vigorously defended this action from start to finish, a period of more than six (6) years.  The case involved extensive fact and expert witness discovery and many depositions and hearings.  The parties were required to fully brief and argue a complex Markman hearing in order to construe the disputed terms of the patents at issue in this case.  By my estimation approximately 17 terms, across more than 20 claims, and five (5) separate patents were at issue.  In addition to the Markman hearing, there was an evidentiary hearing on a motion to enforce settlement, and several hearings on numerous discovery and other pretrial matters.  At least four (4) experts and at least (16) fact witnesses were deposed and/or testified in this litigation.  There were many discovery disputes that required Court to intervene, including motions for protective order, motions to compel, motions for sanctions, motions *in limine*, and motions for clarification.

44. The parties took the depositions of at least 16 fact witnesses and four (4) experts in this case.  The parties reviewed and/or exchanged hundreds of thousands of pages during discovery not including exhibits attached to various motions; the patent file histories alone in this case are estimated at over 1,000 pages.  The jury trial in this matter lasted 10 days, and included the testimony of nearly a dozen witnesses (live and by deposition) with more than 250 exhibits admitted.  After the jury verdict was rendered in favor of the Plaintiff, numerous post-trial motions were filed by the parties.

45. **Significance and Results.** I also weighed the significance and results of the case heavily.

46. Plaintiff prevailed on its infringement causes of action on all patents and claims presented to the jury. Plaintiff also prevailed against Defendant's claims of invalidity with respect to every claim asserted. The jury awarded damages to Plaintiff in the amount of $2,700,000 for lost profits and $1,900,000 in reasonable royalties, for a total judgment of $4,600,000, the amount sought by Plaintiff. Thus, the results obtained in this case warrant a full award of Plaintiff's attorneys' fees given the high stakes this litigation presented and the complete victory achieved by Plaintiff.

**LODESTAR**

47. Based on my above considerations and analysis, my opinions as to the prevailing market rates for the legal services rendered and as to the reasonable number of hours incurred by each timekeeper are set forth in the table above in Paragraph 13. In summary, it is my opinion that the hourly rates and number of hours ibilled by Plaintiff's attorneys are reasonable for the type of work performed.

**FEES REQUESTED BY PLAINTIFF**

48. **As reflected in the table in Paragraph 13 above, it is thus my opinion that a reasonable Lodestar amount for Plaintiff is $6,316,634.01 for attorneys' fees in this case.**

49. I am providing my services as an expert witness at an hourly rate of $625. As of the date of this Declaration, I have spent 19.4 hours providing the services described above in order to render the opinions in this Declaration. Plaintiff, through its counsel, have agreed to pay me for the legal services that are rendered.

Dated this 14th day of February, 2023

Ury Fischer
Digitally signed by Ury Fischer
Date: 2023.02.14 11:19:37 -05'00'

_____
URY FISCHER